**MEI NA LIAN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–0773–ag.

United States Court of Appeals, Second Circuit.

July 7, 2009.

Mei Na Lian, Middle Island, NY, pro se, Petitioner.

Gregory G. Katsas, Assistant Attorney General; Anh–Thu P. Mai, Senior Litigation Counsel; Annette M. Wietecha, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and WALKER, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Mei Na Lian, a native and citizen of the People's Republic of China, seeks review of a January 25, 2008 order of the BIA denying her motion to reopen. *In re Mei Na Lian,* No. A078 864 400 (B.I.A. Jan. 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Lian's untimely motion to reopen.

Lian argues that the BIA erred in concluding that she failed to demonstrate a material change in country conditions sufficient to excuse the time limitation for filing her motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency" and finding reasonable the BIA's consideration of such evidence in *Matter of S–Y–G–,* 24 I. & N. Dec. 247 (BIA 2007)); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] … it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).